UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THOMAS THORNTON,

               Plaintiff,

     v.

CAROLYN COLVIN, Acting
Commissioner of Social Security,

               Defendant.

CASE NO. C14-5675 BHS

ORDER REVERSING AND
REMANDING

## I. BASIC DATA

Type of Benefits Sought:

     ( X ) Disability Insurance

     (  ) Supplemental Security Income

Plaintiff's:

     Sex: Male

     Age: Over 50 (relevant for widower's benefits)

Principal Disabilities Alleged by Plaintiff: arthritis, high blood pressure, high cholesterol, neuropathy, shoulder difficulty, and sleep apnea

Disability Allegedly Began: October 15, 2009

## II. PROCEDURAL HISTORY—ADMINISTRATIVE

Before ALJ :

Date of Hearing: March 13, 2013

Date of Decision: March 25, 2013

Appears in Record at: AR 10-24

Summary of Decision:

It was previously established that the claimant is the unmarried widower of the deceased insured worker and has attained the age of 50. The claimant met the non-disability requirements for disabled widower's benefits set forth in section 202(f) of the Social Security Act.
The prescribed period ended on February 28, 2010.
The claimant has not engaged in substantial gainful activity since October 15, 2009, the alleged onset date (20 CFR 404.1571 et seq.)  There are no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment (20 CFR 404.1520(c)) during the relevant period at issue.
The claimant has not been under a disability, as defined in the social Security Act, from October 15, 2009, through February 28, 2010 (20 CFR 404.1520(c)).


Before Appeals Council:

Date of Decision: June 23, 2014

Appears in Record at: AR 1-3

Summary of Decision: Denied Review

## III. PROCEDURAL HISTORY—THIS COURT

Jurisdiction based upon: 42 U.S.C. § 405(g)

Brief on Merits Submitted by ( X ) Plaintiff   ( X ) Commissioner

### IV. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of Social Security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005).  "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ.  *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."  *Id.*

### V. EVALUATING DISABILITY

The claimant, Thomas Everett Thornton ("Thornton"), bears the burden of proving he is disabled within the meaning of the Social Security Act ("Act").  *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(3)(A).  A claimant is disabled under the Act only if his

1  impairments are of such severity that he is unable to do his previous work, and cannot,

2  considering his age, education, and work experience, engage in any other substantial

3  gainful activity existing in the national economy.  42 U.S.C. §§ 423(d)(2)(A); *see also*

4  *Tackett v. Apfel*, 180 F.3d 1094, 1098–99 (9th Cir. 1999).

5       The Commissioner has established a five-step sequential evaluation process for

6  determining whether a claimant is disabled within the meaning of the Act.  *See* 20 C.F.R.

7  §§ 404.1520, 416.920.  The claimant bears the burden of proof during steps one through

8  four.  *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).  At

9  step five, the burden shifts to the Commissioner.  *Id.*

10  ### VI. ISSUES ON APPEAL

11      1.  Did the ALJ err when he found Thornton had no medically determinable
   impairment prior to February 28, 2010 because of the lack of medical
12  records prior to that date?

13  ### VII. DISCUSSION

14      In this case, the issue is whether the ALJ may evaluate impairments at the

15  qualifying date without evaluating impairments at the current date.  The undersigned

16  recently remanded a case on the exact same issue.  *Sapinsky v. Colvin*, 3:14-cv-05627-

17  BHS (W.D. Wash. March 4, 2015).  In that order, the Court stated that, without binding

18  authority on the issue, "one can infer from cases addressing similar issues that a

19  determination of a disability must precede a determination of the onset date."  *Id.* at 5.

20  The same logic applies to this case.  The ALJ failed to assess Thornton's current

21  impairments regardless of what evidence reflects Thornton's impairments in 2009.

22

1   Therefore, the Court the concludes that the ALJ committed error at step two of

2   Thornton's disability analysis.

3        The two cases that the Government cites in support of its position are

4   distinguishable.  Dkt. 15 at 6 (citing *Armstrong v. Comm'r of Soc. Sec. Admin.*, 160 F.3d

5   587, 589 (9th Cir. 1998) and *Scheck v. Barnhart*, 357 F.3d 697 (7th Cir. 2004)).  In

6   *Armstong*, the court addressed a situation where the ALJ found the claimant to be

7   currently disabled and then assessed the onset date.  160 F.3d at 589.  Likewise, in

8   *Scheck*, the court addressed a situation where the ALJ found the claimant not currently

9   disabled because the claimant was capable of performing his former job as a distribution

10   warehouse manager.  357 F.3d at 699.  Neither *Armstong* nor *Scheck* provides any

11   guidance for a situation where the ALJ failed to assess a claimant's current disability

12   status.

13        Finally, the Government failed to contest that any error was harmless.  Even if it

14   did, the error would appear to be harmless because there is no record to review on the

15   issue of whether medical experts could have determined an onset date of an alleged

16   impairment.

17

18

19

20

21

22

1

## VIII. ORDER

2          Therefore, it is hereby **ORDERED** that the Commissioner's final decision

3 denying Thornton's disability benefits is **REVERSED AND REMANDED**.

4          Dated this 19th day of March, 2015.

5

6                                                                    _____

7                                                                    BENJAMIN H. SETTLE
                                                                      United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22